————o————

## No. 3719.

(Court of Appeal, Parish of Orleans.)

## NATIONAL AUTOMATIC FIRE ALARM CO. vs. N. O. & N. E. R. R. CO.

Appeal from Civil District Court, Division "A."

Stafford & Lambert, for Plaintiff and Appellee.

Harry H. Hall, for Defendant and Appellant.

1. Under the Civil Code all corporeal things are susceptible of being let out, movables and immovables, except those which are destroyed by use. There are two species of contract of lease; the letting out of things and the letting out of labor or industry.

2. The contract under consideration partakes of both species, because the defendant had the use and possession of the alarm boxes, and the plaintiff furnished the other apparatus, and the labor and industry to make them operative.

3. Tacit reconduction is expressly provided for in the Code in the two cases of a lease of predial estates and one of houses and rooms.

4. No text of law declares there shall be tacit reconduction of a lease of movables or a lease of labor, and the strong currrent of French

421

authority, as to the corresponding articles of the Code Napoleon in regard to leases, is against that proposition.

5. Art. 1817, R. C. C., declares in general terms, that in all contracts, silence and inaction may, under certain circumstances, show an assent that may create an obligation, and mentions the tacit reconduction of a lease as an example. But, in so doing, it merely refers by way of illustration to the reconduction prescribed under the particular title of lease, and it does not create any other.

DUFOUR, J. The National Automatic Fire Alarm Co. does a business of night watch signals and automatic fire alarms, having and owning poles, wires and electrical apparatus.

It equips, when requested to do so, any place with its alarm boxes and watch signals, so that, if any fire should occur or should the presence of any burglar be suspected, signals may be sent to the office of the company, indicating the difficulty or disturbance.

On October 18th, 1900, the defendant entered into a contract for two years for an equipment by plaintiff of night watch signals and fire alarm boxes.

The price was paid for the term of the obligation, and defendant, without any express new contract, continued to use the boxes which were left on its premises.

Defendant notified plaintiff on March 3rd, 1903, to remove their apparatus on or before March 31st, averring that their contract was at an end; this, the plaintiff did under protest, and then brought the present suit to recover the price of the lease for two years more.

The ground of the suit is that the lease was continued "by implication, tacit renewal and reconduction," because of defendant's use of the service and apparatus after the expiration of the contract.

Defendant set up an exception of no cause of action, and also urged that the contract was not one of lease.

Under our Code all corporeal things are susceptible of being

let out, movables and immovables, except those which are destroyed by use. There are two species of contract of lease; the letting out of things, and the letting out of labor or industry.

(R. C. C., Arts. 2674, 2675, 2677.)

We think that the contract now under consideration partakes of the character of both, because the defendant had the use and possession of the alarm boxes, and the plaintiff furnished the other apparatus and labor and industry to make them operative. The contract is in the nature of a privilege of using with others an organized system of protection.

Proceeding on the theory that such contract is a lease of movables and of services combined, the question arises, whether or not the doctrine of tacit reconduction obtains in a lease of this kind?

Tacit reconduction is expressly sanctioned and prescribed by the Code under the caption of lease in two cases only; that of predial estates and that of a house or room, to the extent of one year for the former, and one month for the latter.

No text of law declares that there shall be tacit reconduction of a lease of movables or one of labor, and the strong current of French authorities as to the corresponding articles of the Code Napoleon is against that proposition.

Baudry Lacantinere, Vol. 19, p. 7, No. 1404, Contract de Lonage, cites the views of the leading commentators and says: "La tacite reconduction est-elle applicable aux baux de meubles?" ."Non, d'apres l'opinion generale, on admet que le locataire or le proprietaire penvent a toute epoque, mettre fin au bail des meubles. C'etait deja la solution de Pothier et les metifs sur lesquels it la fondait sont reproduits par les auteurs modernes. Il dislait qu'ily a certains temps auxquels il est d'usage que commence le temps des baux de maisons, et qu'it est difficile de trouver a les louer ensusterme, an lieu que le louage des meubles commence en tout temps."

See also Marcade, Vol. 6, p. 479.

Article 2668, R. C. C., says that "the contract of lease or letting out (besides the rules in which it is subject in common with other agreements, and which are explained under the title of Conventional Obligations) is governed by certain particular rules, which are the subject of the present title," i. e., lease.

Relying upon this, plaintiff confidently points as the basis of his claim to Art. 1817, reading as follows, and which is not found in the Code Napoleon:

"That silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation; if, after the termination of a lease, the lessee continue in possession and the lessor be inactive and silent, a complete mutual obligation for continuing the lease is created by the act of occupancy of the tenant on the one side and the inaction and silence of the lessor on the other."

This confidence is misplaced.

Reconduction is a particular rule dealt with under the particular title of lease, and it has nothing in common with other agreements explained under the title of Obligations.

There is in our law no reconduction specially declared in any matter other than lease; the etymology of the word finds its origin in the name of the Roman law for lease, *"locatio conductio."*

Art. 1817 declares in general terms that in all contracts silence and inaction may under certain circumstances show an assent that may create an obligation, and mentions the tacit reconstruction of a lease as an example. But in so doing, it merely refers by way of illustration to the reconduction prescribed under the particular title, and it does not create any other.

Any other view would mar the logic and harmony of the Code, and make Art. 1817 destroy those if under the title of Lease.

Thus, a predial lease for two or more years would be reconducted for that time instead of one year, and the lease of a house

for one year or more would be renewable for that time instead of for one month.

Reference is made by the plaintiff to the case of Alba vs. Moriarty, in which it was held that a contract by the year was a continuous contract under the facts of the case. We do not think it intended to lay down a general rule, and it refers to no authority to sustain the conclusion reached.

We would have been, as an original proposition more inclined to adopt the views of Chief Justice Bermudez, one of the most profound civilians of his day, who stated as follows in his dissenting opinion:

"Tacit reconduction, which is the only ground upon which the claim may be made to rest, is expressly provided for by special legislation concerning leases of real estate, but it is nowhere announced by *law* as applicable to the letting of labor or hiring of services * * * *.

"Had the law intended that reconduction should exist in cases of hire of labor, as it does it shall in cases of real estate, it would have said so. Silence on the subject induces the inference that it did not enter in the economy of the law that it should." (36 An. 683.)

It is true that since the Supreme Court has, in 41 An. 307, and in 44 An. 791, affirmed the doctrine in 36 An. 680, referring exclusively to the hire of personal servites, in this case the element of lease of movables is the controlling one, and that of hire is subordinate and is but a small part of the services rendered to all patrons of an organized system. This should be sufficient to differentiate the cases.

Our conclusion is that there has been no tacit reconduction of the lease and that plaintiff's action on the same must be dismissed.

Defendant is liable on a *quantum mcruit*, for such use as he

had of the property and services after the termination of the lease, but not in this suit which is on a contract.

Judgment reversed at plaintiff's costs in both courts, with reservation of his right to obtain payment from defendant of such amount as may be due for the use of the property and services leased after the expiration of the lease.

June 20th, 1905.

Rehearing refused, June 28th, 1905.

Writ granted by Supreme Court, July 27th, 1905.